US DISTRICT & BANKRUPTCY COURTS

2008 MAY -1 PM 7: 51

**FILED**

RECEIVED    MAY - 1 2008

Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CAROLYN M. KLOECKNER )
432 South Gore Street )
St. Louis, Missouri 63119 )
)
Plaintiff, )
)
v. )
)
ELAINE L. CHAO )
Secretary of Labor, )
200 Constitution Avenue, N.W. )
Washington, D.C. 20210 )
)
Defendant. )
_____ )

Civil No. _____

Case: 1:08-cv-00762
Assigned To : Leon, Richard J.
Assign. Date : 5/1/2008
Description: Employ. Discrim.

## COMPLAINT

1. This is an action to redress Defendant's discrimination against Plaintiff because of her

(1) gender, (2) age, and (3) disability under the Civil Rights Act of 1964, 42 U.S.C. §

2000e-5, under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.* ("Act"), and (4)

for acts of reprisal for her having filed an EEO complaint. Plaintiff, during the period of

time covered by this Complaint, was an employee of the Employee Benefits Security

Administration, U.S. Department of Labor ("Agency"), St. Louis, Missouri.

## JURISDICTION

2. This court has jurisdiction under 28 U.S.C. § 1331 because this matter arises under the

laws of the United States, under 28 U.S.C. § 1343(a)(4) for damages and equitable relief

under an Act of Congress providing for the protection of civil rights, and under 42 U.S.C.

§ 2000e-5(f)(3) for actions brought under the Civil Rights Act of 1964.

3. All conditions precedent to the filing of this action have been met by Plaintiff in that

she has filed a timely EEO complaint with the Agency, filed a Formal Complaint with the

Agency, and requested an administrative hearing with the Equal Employment
Opportunity Commission ("EEOC").

4. The Agency issued a Final Agency Decision rejecting Plaintiff's EEO claims of
discrimination. This is a timely appeal from the Final Agency Decision.

## VENUE

5. Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(e)(1), and 42 U.S.C.
§ 2000e-5(f)(3). Defendant is an agency of the United States with its principal
headquarters in the District of Columbia.

## PARTIES

5. Plaintiff, Carolyn M. Kloeckner, resides in St. Louis, Missouri. She was employed by
the Agency in St. Louis, Missouri, during the time period of the events described in this
Complaint. Defendant, Elaine L. Chao, 200 Constitution Avenue, N.W., Washington,
D.C. 20210, is the Secretary of Labor.

## PROCEDURAL HISTORY

6. Plaintiff initially contacted an EEO counselor on April 25, 2005, and filed a Formal
Complaint on June 13, 2005, alleging that she had been subjected to a hostile work
environment based on sex and age.

7. On August 4, 2005, Plaintiff sought to amend her complaint to include reprisal for
prior EEO activity, based on the Agency's decision to place her on AWOL status. This
claim was accepted on August 18, 2005.

8. On June 20, 2006, Plaintiff requested a hearing before an Administrative Judge of the
Equal Employment Opportunity Commission ("EEOC"). On August 24, 2006, an EEOC
administrative judge acknowledged that request for hearing.

9. On September 19, 2006, the Administrative Judge granted a joint motion filed by Plaintiff and by the Agency to amend the complaint to include the Agency's decision to remove the Plaintiff, effective July 21, 2006.

10. On April 17, 2007, the EEOC Administrative Judge, for reasons not relevant here, cancelled the scheduled hearing, and returned the case to the Agency for issuance of a Final Agency Decision.

11. The Agency, in a Final Agency Decision dated October 23, 2007, found that Plaintiff was not discriminated against based on sex or age, and was not the victim of reprisal. The Final Agency Decision was received by Plaintiff's counsel on October 29, 2007.

12. The Final Agency Decision states that Plaintiff may appeal the Agency's decision, within 30 days of receipt, either to the Merit Systems Protection Board ("MSPB" or "Board") or in an appropriate U.S. District Court.

13. Plaintiff filed her appeal with the MSPB within the 30 day limit, on November 28, 2007.

14. In an Initial Decision dated February 27, 2008, the MSPB Administrative Judge determined that the Board was without jurisdiction to hear Plaintiff's appeal. The Initial Decision became final on April 2, 2008.

15. This Complaint is filed within 30 days of the date of the final decision of the MSPB on Plaintiff's appeal of the Final Agency Decision.

FACTS

16. Plaintiff, female, born December 17, 1963, was employed by the Agency from July, 1989 until July, 2006.

17. Plaintiff, beginning in 1996, held the position of Senior Investigator, GS-13.

- 3 -

18. Steven Newman was Associate Regional Director of the Agency during the time period in question. In that position, he was Plaintiff's second level supervisor.

19. Gary Newman (no relation) was District Supervisor of the Agency during the time period in question. In that position, he was Plaintiff's supervisor.

20. During the Spring or Summer of 2004, Steven Newman began an intensive, highly intrusive "investigation" of all aspects of Plaintiff's work performance, based on rumors he had heard in the office that Plaintiff was, among other things, falsifying her time records, leave statements, travel records, sign in records, and conducting a private business from her U.S. Government office. Plaintiff was singled out for this investigation based on false rumors disseminated by a fellow employee with a personal vendetta against Plaintiff and based on Plaintiff's status as female.

21. Steven Newman's "investigation" of Plaintiff included his shadowing her around the office to monitor the individuals with whom she was engaged in conversation. This intrusive "investigation" itself was discriminatory, and, because male employees were not subjected to this treatment, based on sex, in violation of Title VII of the Civil Rights Act of 1964.

22. In January, 2005, the Agency was informed that a complaint had been filed against Plaintiff with the Office of Inspector General, Department of Labor, raising many of the same allegations first reported through rumor in 2004: arriving at work late, leaving early; falsification of sign in/sign out times; working on outside business interests while in the office.

23. Steven Eischen, Regional Director of the Agency, upon receipt of the IG Complaint, assigned Steven Newman to investigate it.

- 4 -

24. During the period covered by the "investigation," Plaintiff's work performance was scrutinized to a degree, and she was held to a standard, not applied in the case of investigations of agency employees who were male, and less than 40, constituting discrimination based on sex and age.

25. During the period of the "investigation," Plaintiff's immediate supervisor, Gary Newman, told her on several occasions that management had targeted her and that they intended to terminate her. Male employees of the Agency, less than 40 years of age, were not subjected to this type of pressure. These statements contributed to creation of a hostile work environment, based on sex and age, in violation of Title VII.

26. Gary Newman added to the strain in the office by treating Plaintiff in an verbally-abusive manner based on her sex. He often would sit down on Plaintiff's desk, in a physically intimidating manner, notwithstanding Plaintiff's repeated protests that he not do so. Mr. Newman did not behave in such manner with his male subordinates. These actions contributed to creation of a hostile work environment, based on sex and age.

27. Plaintiff, under great stress and suffering from depression as a result of the investigations and sexually-hostile environment, left the office in May, 2005. Rather than place her on leave without pay, as Plaintiff requested, the Agency listed her as AWOL. The Agency's decision to place Plaintiff on AWOL status was based on her gender, age and disability. Plaintiff's treatment, through the "investigation," as well as abusive treatment by Gary Newman, constituted hostile work environment based on sex.

28. The Agency terminated Plaintiff, effective July 21, 2006, for Absence Without Leave and for Lack of Candor.

29. The Plaintiff's absences from work were medically necessary and her emotional

- 5 -

condition – depression and anxiety – was work-related. The Agency's decision to place her on AWOL status, rather than on LWOP, and then to terminate her, was based on her disability, in violation of the Rehabilitation Act of 1973.

30. The investigation itself, led by Steven Newman, and never completed, constituted a hostile work environment based on sex, due in part to Newman's extra-marital relationship with Laura Lammert (now Laura Newman) the employee responsible for disseminating the false rumors about Plaintiff's work performance. The "investigation" thus was tainted from the outset because Steven Newman had a vested interest in the outcome, based on his relationship with Ms. Lammert.

31. Ms. Lammert, the employee passing on false rumors about Plaintiff, bore a grudge against Plaintiff for many years, even commenting, in extremely derogatory terms, about Plaintiff's personal life and dating partners, attempting to undermine her reputation and credibility within the Agency's headquarters office. Male employees were not treated in this manner by Agency management officials.

32. When Mr. Eischen asked Steven Newman to investigate Plaintiff's conduct, Mr. Newman failed to recuse himself from the investigation, based on his extra-marital relationship with the employee who was the source of the false rumors, and, presumably, the IG Complaint, and failed to inform Mr. Eischen that the allegations in the complaint should be viewed skeptically, based on Ms. Lammert's long record of hostility toward the Plaintiff. Steven Newman's decision to lead the investigation himself constitutes a separate instance of hostile environment harassment based on sex, age and disability, knowing, as he did, that Ms. Lammert, who passed on the false rumors and, presumably, filed the IG Complaint, had a long record of hostility towards Plaintiff, based on sex and

age.

33. The investigation of Plaintiff's performance by Steven Newman was so invasive, intense and personal, and out of proportion to that experienced by other Agency employees who were younger than Plaintiff, who were male, and who did not suffer from depression and anxiety, that it constitutes hostile environment harassment based on sex, age, reprisal and disability. That conduct helped drive Plaintiff from the work place in May, 2005.

34. With respect to Plaintiff's claim of reprisal, she participated in a protected activity; the proposing and final agency decision makers were aware of the protected activity; subsequently, she was subjected to adverse action – removal – by the Agency, and a nexus exists between the protected activity and the adverse action. Plaintiff was removed from her position in reprisal for her participation in the Agency's EEO process, in violation of Title VII of the Civil Rights Act of 1964.

CLAIMS

35. All of the allegations contained in paragraphs 1-34 are incorporated herein as if set forth verbatim.

36. Defendant's actions in conducting a tainted, biased, and overly-intrusive investigation, and placing Plaintiff on AWOL status, created a hostile work environment and constitute discrimination based on sex and age, in violation of Title VII of the Civil Rights Act of 1964.

37. The Agency's decision to remove Plaintiff from her position constitutes reprisal for her participation in the EEO process, as well as a violation of the Rehabilitation Act of 1979.

38. The Agency's actions resulted in a worsening of Plaintiff's emotional condition, causing her to depart from the workplace as of May 18, 2005. These actions on the part of the Agency constitute hostile environment discrimination based on sex, age, and disability in violation of Title VII and the Rehabilitation Act of 1973.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Accept jurisdiction of this case.

2. Grant Plaintiff a trial by jury on all issues so triable.

3. Declare that Plaintiff has suffered acts of discrimination at the hands of defendant based on her gender, age, disability and reprisal.

4. Award compensatory damages for intentional discrimination under the Civil Rights Act of 1991.

5. Award reasonable attorney's fees and all other relief to which Plaintiff may be entitled.

Respectfully submitted,

Larry J. Stein  Bar No. 397397
2009 N. 14th Street, Suite 708
Arlington, Virginia 22201
703/812-7880
703/424-7670  facsimile
Attorney for Plaintiff

- 8 -

H
08-762
RJL

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Carolyn M. Kloeckner

88888

## DEFENDANTS

Elaine L. Chao, Secretary of Labor

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___St. Louis___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___Washington, D.C.___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Law Offices of Larry J. Stein
2009 N. 14th Street, Suite 708
Arlington, Virginia 22201

Case: 1:08-cv-00762
Assigned To : Leon, Richard J.
Assign. Date : 5/1/2008
Description: Employ. Discrim.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

O 1 U.S. Government
Plaintiff

O 3 Federal Question
(U.S. Government Not a Party)

⊙ 2 U.S. Government
Defendant

O 4 Diversity
(Indicate Citizenship of
Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in this State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**O A.  Antitrust**

☐ 410 Antitrust

**O B. Personal Injury/
Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**O C. Administrative Agency
Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

**O D. Temporary Restraining
Order/Preliminary
Injunction**

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

**O E. General Civil (Other)**       **OR**       **O F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
defendant
☐ 871 IRS-Third Party 26
USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge 12 USC
3410
☐ 900 Appeal of fee determination
under equal access to Justice
☐ 950 Constitutionality of State
Statutes
☐ 890 Other Statutory Actions (if
not administrative agency
review or Privacy Act

— o —

| O  G. *Habeas Corpus/ 2255* | O  H. *Employment Discrimination* | O  I. *FOIA/PRIVACY ACT* | O  J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| O  K. *Labor/ERISA (non-employment)* | O  L. *Other Civil Rights (non-employment)* | O  M. *Contract* | O  N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   O 2 Removed from State Court   O 3 Remanded from Appellate Court   O 4 Reinstated or Reopened   O 5 Transferred from another district (specify)   O 6 Multi district Litigation   O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

42 USC 2000-e5, appeal from Final Agency Decision finding no discrimination or reprisal

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** 300,000 | Check YES only if demanded in complaint |
|---|---|---|---|
| | | **JURY DEMAND:** | YES ☒   NO ☐ |

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  May 1, 2008    SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.