UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROLYN M. KLOECKNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 08-00762 (RJL) |
| | ) |
| HILDA L. SOLIS, Secretary of Labor, | ) |
| | ) |
| Defendant. | ) |
| | ) |

MEMORANDUM ORDER
(May 15, 2009) [# 9]

The plaintiff, Carolyn M. Kloeckner, ("Kloeckner") alleges that her former employer, the Secretary of Labor, ("Secretary")[1] unlawfully discriminated against her. The Secretary filed a motion to dismiss for lack of subject matter jurisdiction, or in the alternative, to transfer the case to the Eastern District of Missouri, where venue is proper. For the following reasons, the Court will GRANT the Secretary's motion to transfer.

The Secretary asserts that the proper venue for this case is the Eastern District of Missouri. I agree. The venue provision of Title VII of the Civil Rights Act, 43 U.S.C. § 2000e-5(f)(3), provides that venue in this action is proper in any of the following judicial districts: (1) where "the unlawful employment practice is alleged to have been committed"; (2) where "the employment records relevant to such action are maintained

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), if a public officer named as a party to an action in his official capacity ceases to hold office, the court will automatically substitute that officer's successor. Accordingly, the Court substitutes Hilda L. Solis for Elaine L. Chao.

and administered"; (3) where the plaintiff "would have worked but for the alleged unlawful employment practice"; but (4) if the defendant is not within those three districts, the "action may be brought within the judicial district in which the respondent has his principal office." 42 U.S.C. § 2000e-5(f)(3); *Tildon v. Alexander*, 587 F. Supp. 2d 242, 243–44 (D.D.C. 2008). Here the unlawful practice alleged by the plaintiff not only occurred in the Eastern District of Missouri, but it is the location where Kloeckner's employment records are, in large part, maintained. In addition, but for the unlawful practice alleged, the plaintiff would have worked in the Eastern District of Missouri. (Def's Motion at 15.) Thus, the Secretary has more than met her obligation to present facts to defeat the plaintiff's assertion that venue is proper in this jurisdiction. *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003).

In her opposition, Kloeckner does not dispute any of the Secretary's assertions regarding the inappropriateness of venue in the District of Columbia or the appropriateness of venue in the Eastern District of Missouri. In fact, Kloeckner offers not a single substantive argument to oppose the Secretary's motion to transfer the case to the Eastern District of Missouri. Thus, the Court finds it is in the interest of justice to transfer this case to the Eastern District of Missouri under 28 U.S.C. § 1406(a), and it is hereby

**ORDERED** that Defendant's Motion to Transfer for Improper Venue [#9] is **GRANTED** and it is further

**ORDERED** that the above-captioned case be transferred to the Eastern District of Missouri.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge